UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

LISA TERESKUN-ARCE, as Personal
Representative of the Estate of Jarrett
Joseph Tereskun

    Plaintiff,

v.                                                Case No: 5:18-cv-295-Oc-30PRL

KW INTERNATIONAL, INC. and
SUNGIL LEE,

    Defendants.

## ORDER

This matter is before the Court on Plaintiff's motion to extend the discovery deadline to permit limited discovery related to punitive damages. (Doc. 50). Defendant has responded. (Doc. 51). Upon due consideration, Plaintiff's motion is granted in part as stated below.

### I. Background

On July 1, 2019, after the close of discovery, the Court granted Plaintiff leave to file an amended complaint alleging claims for punitive damages. (Doc. 44). Although Plaintiff did not seek an extension of the discovery deadline in her motion, she noted that if the motion was granted, she anticipated "very limited written discovery regarding KW's financial condition, and if necessary, no more than one deposition of its designated financial representative, all of which can be accomplished within 30 days, leaving more than six months before the start of trial." (Doc. 42 at 3).

Shortly thereafter, Plaintiff propounded to KW four financial interrogatories and three requests for production and requested a deposition of KW's designated financial representative.

On August 8, 2019, KW responded raising various objections to the discovery requests—i.e., the requests were untimely, overbroad as to time and scope, not proportional to the needs of the case, unduly burdensome, and sought confidential and proprietary business information that should not be produced without a stipulated confidentiality agreement. Plaintiff then filed the instant motion in which she seeks an extension of the discovery deadline so that KW can respond to the discovery requests.

## II.  Discussion

There is no dispute that discovery related to KW's financial net worth became relevant upon the filing of Plaintiff's claim for punitive damages—which occurred after the close of discovery. *See e.g., Myers v. Central Florida Investments, Inc.*, 592 F.3d 1201, 1216 (11th Cir. 2010) (a defendant's financial condition becomes relevant because the wealth of the defendant is a factor for consideration in determining the reasonableness of a punitive award); *Soliday v. 7-Eleven, Inc.,* No. 2:09-cv-807-FtM-29SPC, 2010 WL 4537903, at *2 (M.D. Fla. Nov. 3, 2010) (financial worth was relevant to the issue of punitive damages). While Plaintiff should have requested an extension of discovery when she moved to amend, the Court is satisfied that Plaintiff has shown good cause for a brief extension of discovery and is unpersuaded that allowing limited discovery at this time would be prejudicial to Defendants.

However, the Court is unable to evaluate whether Plaintiff's requested financial discovery is appropriate and proportional to the needs of the case. While Plaintiff claims that the discovery requests are limited "exclusively to KW's basic financial condition," she has failed to identify

what specific financial information is being sought. (Doc. 56 at 4). Indeed, Plaintiff did not attach the discovery requests to the motion, nor did she quote them as required by Local Rule 3.04(a).[1]

While not disputing that Plaintiff is entitled to financial discovery, KW contends that it should be permitted to respond to the discovery requests with a sworn or audited financial statement listing its assets, liability, and net worth. Under Florida law, the purpose of punitive damages is to punish the defendant for its wrongful conduct and deter similar misconduct. *Myers*, 592 F.3d 1201, 1216 (11th Cir. 2010). In evaluating the reasonableness of a punitive award, the court considers the wealth of the defendant to ensure that the award "'bears some relationship to the defendant's ability to pay and does not result in economic castigation or bankruptcy of the defendant.'" *Id.* (quoting *Engle v. Liggett Group, Inc.*, 945 So.2d 1246, 1263 (Fla. 2006). Recognizing the purpose of the financial net worth discovery, and in the absence of any argument by Plaintiff as to why additional information would be needed, the Court agrees that a sworn financial affidavit regarding KW's assets, liabilities and net worth is sufficient for Plaintiff to determine KW's current financial condition. *See e.g., In re: Fiddlers Creek*, LLC, No. 2:14-cv-379-FtM-29CM, 2016 WL 3906927, at *4 (M.D. Fla. July 19, 2016) (citing cases where federal courts approved financial affidavit regarding net worth instead of extensive discovery).

Moreover, the Court agrees that five years of financial discovery is overbroad and will limit it to a two-year period. *See e.g., Sheets v. Villas*, 8:15-cv-1674-T-30JSS, 2016 WL 4001989, M.D. Fla. July 26, 2016 (noting that only current financial documents are relevant to a claim for punitive damages and limiting discovery to 18 month period); *Hite v. Hill Dermaceuticals, Inc.*, No. 8:12-

---

[1] Although entitled a motion to extend the discovery deadline, it is also essentially a motion to compel since she is asking the Court to overrule KW's objections and require KW to respond to the discovery requests.

cv-2277-T-33AEP, 2013 WL 6799334, at *6 (M.D. Fla. Dec. 23, 2013) (noting that only current financial documents are relevant to a claim for punitive damages and limiting discovery to two-year period).

Accordingly, Plaintiff's motion to extend the discovery deadline to permit limited discovery related to punitive damages (Doc. 50) is **GRANTED** to the extent that on or before **September 20, 2019**, KW shall submit to Plaintiff a sworn financial statement listing its assets, liabilities, and net worth for a two-year period (September 2017 through present) subject to a protective order. The parties are instructed to discuss the terms of a protective order to submit to the Court, or in the absence of agreement on the language of a protective order, Defendant may file an appropriate motion. The deadline for filing *Daubert* and dispositive motions is likewise extended until **October 21, 2019.**

**DONE** and **ORDERED** in Ocala, Florida on September 6, 2019.

_____
PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties